IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00531-PAB-KAS

ERIC PRIEN, an individual,

    Plaintiff,

v.

ACE DESIGN & CONSTRUCTION, INC., a California corporation,
ORCHID GLOBAL HOSPITALITY, a Texas limited liability company, and
LARRY WILLIAMS, an individual,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Partial Default Judgment Against Defendants Orchid Global Hospitality, LLC and Larry Williams and Request for an Evidentiary Hearing on Damages [Docket No. 44]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

On February 18, 2025, plaintiff Eric Prien filed a complaint against defendants Ace Design & Construction, Inc. ("Ace"), Orchid Global Hospitality ("Orchid"), and Larry Williams alleging violations of the Colorado Anti-Discrimination Act ("CADA"). Docket No. 1. Specifically, Mr. Prien alleges that Ace failed to accommodate his disability and terminated his employment in retaliation for his disability, and that Orchid and Mr. Williams aided and abetted Ace's actions. *See generally id.*

Ace filed an answer to the complaint, Docket No. 35, and appeared before the assigned magistrate judge for a scheduling conference. Docket No. 38 at 1. Discovery is ongoing and set to conclude on May 6, 2026. Docket No. 47.

Mr. Prien returned an executed waiver of service, signed by Jody N. Duvall as attorney for Orchid and Mr. Williams. Docket No. 10 at 1-2. The waiver of service is dated February 28, 2025. *See id.* at 2. The same day, Mr. Duvall entered his appearance as counsel for Orchid and Mr. Williams. Docket No. 7 at 1. Both Orchid and Mr. Williams filed, in response to an order of the Court, citizenship disclosures pursuant to Federal Rule of Civil Procedure 7.1(a). *See* Docket No. 8; Docket No. 9. Mr. Williams and Orchid also moved for an extension of time to respond to the complaint. Docket No. 16. Mr. Duvall then moved to withdraw as attorney for both Orchid and Mr. Williams. Docket No. 20. The magistrate judge granted his motion. Docket No. 22. Orchid and Mr. Williams never obtained new counsel or filed an answer to the complaint. On May 28, 2025, the Clerk of the Court entered default as to Orchid and Mr. Williams. Docket No. 33. On July 22, 2025, Mr. Prien filed the present motion for default judgment against Orchid and Mr. Williams. Docket No. 44.

"[W]hen one of several defendants who is alleged to be *jointly* liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2690, at 455–56 (1983) (citing *Frow v. DeLaVega,* 82 U.S. 552, 554 (1872))) (emphasis added). The Tenth Circuit summarized this position by stating that, "when multiple defendants are alleged to be jointly liable and fewer than

all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits." *Id*. (citing *Frow,* 82 U.S. at 554). The rationale underlying this rule is the avoidance of the problem of inconsistent liability determinations among joint defendants. *See id.*

Here, Mr. Prien's claims against Orchid and Mr. Williams are for aiding and abetting Ace in unlawful employment practices in violation of Colo. Rev. Stat. § 24-34-402(1)(e)(I). Docket No. 1 at 19-21, ¶¶ 147-156. This "aiding and abetting" provision of CADA is derivative, meaning liability under the provision exists only when there has been an underlying violation of CADA's anti-discrimination provisions. *See Williams v. City of Arvada*, No. 21-cv-02236-NYW, 2023 WL 2042246, at *8 (D. Colo. Feb. 16, 2023) (collecting cases). Thus, the Court cannot make a liability determination regarding Orchid and Mr. Williams until there has been a liability determination regarding Ace. Accordingly, the Court finds that default judgment is not warranted at this time and will deny Mr. Prien's motion for default judgment against Orchid and Mr. Williams without prejudice. *See Equal Emp. Opportunity Comm'n v. Murica, LLC*, No. 22-cv-02549-GPG-NRN, 2025 WL 3035958, at *3 (D. Colo. Jan. 31, 2025) ("In a multi-defendant case where there is an entry of default against only one defendant, the proper course of action is to permit the non-defaulting parties to litigate the case while holding the entry of default in abeyance and deferring any final default judgment against the defaulting defendant.") (alteration and citation omitted).

3

It is therefore

**ORDERED** that Plaintiff's Motion for Partial Default Judgment Against Defendants Orchid Global Hospitality, LLC and Larry Williams and Request for an Evidentiary Hearing on Damages [Docket No. 44] is **DENIED without prejudice**.

DATED February 20, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge